**GUGINO LAW FIRM, CHTD.**
SALVATORE C. GUGINO, ESQ.
Nevada Bar No. 002268
6970 O'Bannon Drive, Bldg. 2
Las Vegas, Nevada 89117
(702) 385-3801

*Attorneys For Defendant*
*Coast Hotels and Casinos, Inc. dba*
*The Orleans Hotel and Casino*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARY JANEWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. : **2:10-cv-01751-RCJ-RJJ** |
| vs. | ) |
| | ) |
| COAST HOTELS AND CASINOS, INC. a Nevada corporation, dba THE ORLEANS HOTEL AND CASINO, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant COAST HOTELS AND CASINOS, INC. dba THE ORLEANS HOTEL and CASINO  (hereinafter "ORLEANS") by and through  its  undersigned counsel of record, and, for its Answer to the Amended Complaint filed by Plaintiff CARY JANEWAY (hereinafter "JANEWAY") on file herein,  admits, denies and states as follows:

1.    This answering Defendant denies each and every allegation of  Plaintiff's Amended Complaint, except those allegations which are hereinafter specifically admitted, qualified, or otherwise answered.

2.    This answering Defendant denies that Plaintiff is entitled to any recovery, and Defendant requests that Plaintiff's Amended Complaint be dismissed with prejudice and on the merits.

...

...

**I.**

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR. BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

3.     Answering Paragraph I of Plaintiff's Amended Complaint, this answering Defendant admits that Plaintiff is a 44-year old female.  This answering Defendant denies each and every other allegation contained in said paragraph.

4.     Answering Paragraph II of Plaintiff's Amended Complaint, this answering Defendant admits that Plaintiff is a resident of Clark County, Nevada and that this answering Defendant is a Nevada corporation which owns and operates THE ORLEANS HOTEL and CASINO in Clark County, Nevada.  This answering Defendant denies each and every other allegation contained in said paragraph.

5.     Answering Paragraph III of Plaintiff's Amended Complaint, this answering Defendant admits that Plaintiff has worked as a dealer at THE ORLEANS HOTEL and CASINO since 1999. This answering Defendant denies each and every other allegation contained in said paragraph.

6.     Answering Paragraph IV of Plaintiff's Amended Complaint, this answering Defendant admits that Plaintiff filed a charge of discrimination and, subsequently, the amended charge of discrimination which is attached to her Amended Complaint.  This answering Defendant denies each and every other allegation contained in said paragraph.

7.     Answering Paragraph V of Plaintiff's Amended Complaint, this answering Defendant admits each and every allegation contained in said paragraph.

8.     Answering Paragraph VI of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained in said paragraph.

9.     Answering Plaintiff's prayer for relief in her Amended Complaint, this answering Defendant denies that Plaintiff is entitled to recover any of the forms of relief contained in items 1 through 5 of said prayer.

## AFFIRMATIVE  DEFENSES

This answering Defendant  affirmatively alleges that it has  not  had  a  reasonable opportunity to complete discovery and facts hereinafter may be discovered which may substantiate other affirmative defenses not listed below. By this Answer, this answering  Defendant  waives

...

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801  FAX (702) 385-3015

no affirmative defenses and reserve their right to amend this answer to insert any subsequently discovered affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has, through her own acts and/or omissions, failed to mitigate her damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff, by her own acts and/or omissions, is estopped from declaring any claims for damages.

## FOURTH AFFIRMATIVE DEFENSE

Any injuries that Plaintiff may have sustained, as alleged by Plaintiff in her Amended Complaint, if any, were directly and proximately caused or contributed to by the comparative fault of the Plaintiff herself, which comparative fault is greater than that of this answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

The causes of action complained of in Plaintiff's Amended Complaint on file herein do not give rise to facts sufficient to support an award of exemplary and/or punitive damages against this answering Defendants under either state or federal law.

## SIXTH AFFIRMATIVE  DEFENSE

Plaintiff's causes of action are barred against these answering Defendants based upon the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to show that any causal connection exists between her alleged protected activities and any alleged adverse employment decision.

## EIGHTH AFFIRMATIVE DEFENSE

There is no temporal proximity between the alleged protected activities of the Plaintiff and any alleged adverse employment decision.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the applicable statute or statutes of limitations.

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801  FAX (702) 385-3015

**GUGINO LAW FIRM, CHTD.**
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

1

## TENTH AFFIRMATIVE DEFENSE

2       Plaintiff failed to properly and timely advise her employer of any alleged wrongful acts

3 (including but not limited to sex, age or disability discrimination or harassment) complained of

4 herein; and further failed to provide her employer an opportunity to investigate, correct and/or

5 remedy any such alleged wrongful acts.

6

## ELEVENTH AFFIRMATIVE DEFENSE

7       Any claim for damages under the causes of action alleged by Plaintiff are limited pursuant

8 to the provisions of 42 USC §2000e-5(g)(2)(B).

9

## TWELFTH AFFIRMATIVE DEFENSE

10       Any claim for exemplary or punitive damages alleged by Plaintiff against any alleged

11 employer herein which is based upon an alleged wrongful act of its employee is barred pursuant to

12 NRS 42.007.

13

## THIRTEENTH AFFIRMATIVE DEFENSE

14       Any claim for damages based upon age discrimination is barred on the basis that it  applies

15 only in cases of willful violations and creates liability only where an employer knew or showed

16 reckless disregard for the matter of whether its conduct was prohibited by the ADEA.

17

## FOURTEENTH AFFIRMATIVE DEFENSE

18       Any claim for damages based upon disability discrimination is barred on the basis that

19 Plaintiff cannot prove that she has a physical or mental impairment that substantially limits one or

20 more major life activities; that she has a record of such impairment; or that she has been regarded

21 by her employer as having such an impairment.

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23       Any claim for damages based upon retaliation under the Family and Medical Leave Act

24 (FMLA) is barred on the basis the Plaintiff, under the circumstances alleged in this case,  cannot

25 prove that she was entitled to FMLA leave.

26

## SIXTEENTH AFFIRMATIVE DEFENSE

27       Plaintiff cannot prove that she had a "serious health condition" under the FMLA which

28 prevented her from doing her job. *See* 29 U.S.C. § 2612(a)(1)(D).

- 4 -

1    ## SEVENTEENTH AFFIRMATIVE DEFENSE

2    That it has been necessary for this answering Defendant to employ the services of

3    an attorney to defend this action and a reasonable sum should be allowed Defendant as and for

4    attorney's fees, together with costs expended in this action.

5    WHEREFORE, this answering Defendant prays for judgment as follows:

6    1.    That Plaintiff take nothing by reason of her Amended Complaint on file herein;

7    2.    For attorney's fees incurred in the defense of Plaintiff's action against this

8    answering Defendant;

9    3.    For costs and disbursements incurred herein; and

10   4.    For such other and further relief as the Court may deem just and proper under these

11   premises.

12   DATED this ___7TH___ day of November, 2010.

13

14

15   **GUGINO LAW FIRM, CHTD.**

16   **SALVATORE C. GUGINO, ESQ.**
     Nevada Bar No. 002268

17   6970 O'Bannon Drive, Bldg. 2
     Las Vegas, Nevada 89117

18   (702) 385-3801

19   *Attorneys For Defendant*

20   *Coast Hotels and Casinos, Inc. dba*
     *The Orleans Hotel and Casino*

21

22

23

24

25

26

27

28

**GUGINO LAW FIRM, CHTD.**
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing ***DEFENDANT'S ANSWER TO AMENDED COMPLAINT*** was served this 4th day of November, 2010 as follows:

**Electronic Service:**

Richard Segerblom, Esq.
Nevada Bar No. 1010
700 South Third Street
Las Vegas, Nevada 89101
**E-mail: rsegerblom@lvcoxmail.com**

**Via U.S. Mail:**

Richard Segerblom, Esq.
Nevada Bar No. 1010
700 South Third Street
Las Vegas, Nevada 89101

_____
**An Employee of GUGINO LAW FIRM, CHTD.**

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

H:\Coast Hotels & Casinos\Janeway v. The Orleans.808.022\10-1104.answer.amended complaint.wpd

- 6 -